314 P.3d 582

**STATE of Arizona, Appellee,**

v.

**Dina Marie GONZALES, Appellant.**

**No. 1 CA–CR 12–0691.**

Court of Appeals of Arizona, Division 1.

Dec. 19, 2013.

Arizona Attorney General's Office, Phoenix By Adele Ponce, Counsel for Appellee.

Maricopa County Public Defender's Office, Phoenix By Paul J. Prato, Counsel for Appellant.

Judge DONN KESSLER delivered the opinion of the Court, in which Presiding Judge ANDREW W. GOULD and Judge MICHAEL J. BROWN joined.

KESSLER, Judge.

¶ 1 Dina Marie Gonzales appeals from the sentence imposed after she was convicted of shoplifting. Gonzales argues that the trial court erred by accepting her counsel's stipulation to two prior felony convictions without complying with the requirements of Arizona Rule of Criminal Procedure ("Rule") 17.6. Applying the principles of *State v. Morales*, 215 Ariz. 59, 157 P.3d 479 (2007), we hold that the trial court's failure to conduct a Rule 17.6 colloquy, although fundamental error, did not result in prejudice and, therefore, does not require a remand. The stipulation, combined with the unobjected-to presentence report reflecting the same prior convictions, negates any prejudice Gonzales might have otherwise suffered as a result of the trial court's failure to conduct a colloquy.

### FACTUAL AND PROCEDURAL HISTORY

¶ 2 After a three-day jury trial in absentia, Gonzales was convicted of shoplifting with two or more predicate offenses, a class 4 felony.[1] Gonzales requested a super-mitigated sentence, but the court sentenced her to a slightly mitigated sentence of eight years' imprisonment. The trial court found that Gonzales's family background, drug addiction, and shoplifting addiction constituted mitigating circumstances, but that Gonzales's "criminal history" was an aggravating circumstance.

¶ 3 At the sentencing hearing, after receipt of the sentencing report showing two prior

---

1. Because Gonzales challenges only her sentence, we confine our discussion to the facts and proceedings relevant to that issue. The predicate offenses were not the same as the alleged prior felony convictions at issue on appeal.

felonies, Gonzales's counsel indicated Gonzales's willingness to stipulate to two prior felony convictions. At sentencing, Gonzales did not object to the report. Instead, her counsel first told the court that "[Gonzales] takes responsibility and in fact she has agreed to stipulate to her priors." Second, defense counsel stated that "[w]e recognize that by [Gonzales] stipulating to two priors that she's in a drastically different sentencing range." Gonzales never personally acknowledged her willingness to stipulate to the two prior felony convictions at any hearing, nor did the parties file a written stipulation. In its minute entry memorializing the sentencing proceedings, the trial court stated "that the Defendant has previously stipulated to having two (2) prior felony convictions." The presentence report included a prior criminal history reflecting the two prior felonies stated in the sentencing order.

¶ 4 Gonzales timely appealed. On Gonzales's motion, we remanded the case to the trial court for the sole purpose of clarifying whether the court had complied with Rule 17.6 by providing a colloquy with Gonzales before accepting her counsel's stipulation. On remand, the trial court found that it had not conducted a Rule 17.6 colloquy with Gonzales so "[t]here was no proper admission of the prior felony convictions." Hence, the trial court had "improperly sentenced the Defendant to a mitigated term with two prior felony convictions."[2]

¶ 5 We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes sections 12–120.21(A)(1) (2003), 13–4031 (2010), and 13–4033(A)(1) (2010).

## ISSUE ON APPEAL AND STANDARD OF REVIEW

¶ 6 Gonzales argues the trial court committed fundamental error by accepting her counsel's stipulation to two prior felony convictions without conducting a Rule 17.6 colloquy. Gonzales seeks a remand to the trial court for a determination of prejudice, and ultimately for resentencing if prejudice is

found. The State argues Gonzales is barred from successfully arguing she was prejudiced by the lack of a colloquy because she has not explicitly asserted on appeal that had she been given a colloquy, she would not have admitted or stipulated to the prior convictions. Alternatively, the State argues that because the unobjected-to presentence report shows the same two prior felonies Gonzales stipulated to, there was no prejudice in not conducting the colloquy.

¶ 7 Fundamental error review "applies when a defendant fails to object to alleged trial error," and places the burden of persuasion on the defendant. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *Id.* (quoting *State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984)) (internal quotation marks omitted). To prevail, the defendant must demonstrate not only that fundamental error occurred, but also that the error prejudiced the defendant. *Id.* at ¶ 20.

## DISCUSSION

¶ 8 Proof of prior convictions is typically achieved through an evidentiary hearing in which the State presents a certified copy of the conviction or equivalent evidence as well as proof that the defendant is the person identified in the document. *Morales*, 215 Ariz. at 61, ¶ 6, 157 P.3d at 481. Such a hearing is not necessary, however, if the existence of the conviction is properly stipulated to or if the defendant admits to the prior convictions while testifying at trial. *Id.* at ¶¶ 7, 9. When defense counsel stipulates to the defendant's prior convictions for purposes of sentence enhancement or the defendant admits such prior convictions at the sentencing hearing, Rule 17.6 requires that the court conduct a plea-type colloquy with the defendant before accepting the stipula-

---

2. Although on remand counsel reasserted Gonzales's willingness to stipulate to the prior convictions, the trial court did not conduct a Rule 17.6 colloquy or accept the stipulation because to do so would fall outside of the scope of the remand order.

tion. *Id.* at ¶ 9. "Whenever a prior conviction is charged, an admission thereto by the defendant shall be accepted only under the procedures of this rule, unless admitted by the defendant while testifying on the stand." Rule 17.6. A colloquy is required regardless of whether the prior conviction is used to enhance the sentence, *Morales,* 215 Ariz. at 61, ¶¶ 7–9, 157 P.3d at 481, or as an aggravator. *State v. Canaday,* 119 Ariz. 335, 336, 580 P.2d 1189, 1190 (1978) ("We hold that the procedures delineated in rule 17 must be followed whenever a prior conviction is admitted, whether such prior conviction is alleged for the purpose of increasing punishment or as an element of the crime charged, as mandated by the clear language of rule 17.6."); *see also State v. Young,* 230 Ariz. 265, 268, ¶ 7, 282 P.3d 1285, 1288 (App.2012).

¶ 9 The omission of a Rule 17.6 colloquy is fundamental error. *Morales,* 215 Ariz. at 61, ¶ 10, 157 P.3d at 481. However, the failure only requires resentencing if the defendant was prejudiced by the omission. *Morales,* 215 Ariz. at 62, ¶¶ 10–11, 157 P.3d at 482. The purpose of the Rule 17.6 colloquy is "to ensure that a defendant voluntarily and intelligently waives the right to a trial on the issue of the prior conviction." *Id.* With that purpose in mind, "prejudice generally must be established by showing that the defendant would not have admitted the fact of the prior conviction had the colloquy been given." *Id.* If the defendant establishes prejudice, the defendant must be resentenced, although "the State is entitled to the opportunity of proving the prior felony conviction." *State v. Osborn,* 220 Ariz. 174, 178–79, ¶¶ 13–14, 204 P.3d 432, 436–37 (App.2009). When sufficient evidence of prior convictions is in the record, remand to the trial court for a determination of prejudice is not necessary. *Morales,* 215 Ariz. at 62, ¶ 13, 157 P.3d at 482 (holding that a remand was unnecessary because the certified copies of defendant's prior convictions already in the record conclusively disproved prejudice resulting from the omission of a Rule 17.6 colloquy); *State v. Geeslin,* 221 Ariz. 574, 579, ¶¶ 19–20, 212 P.3d 912, 917 (App.2009), *vacated in part on other grounds,* 223 Ariz. 553, 225 P.3d 1129 (2010); *State v. Carter,* 216 Ariz. 286, 290–91, ¶¶ 20–22, 165 P.3d 687, 691–92 (App.2007).

¶ 10 In this case, the lack of a Rule 17.6 colloquy was fundamental error. *Morales,* 215 Ariz. at 61, ¶ 10, 157 P.3d at 481. The question then becomes whether Gonzales has shown prejudice when the unobjected-to presentence report reflects the same prior felonies on which the trial court relied in sentencing Gonzales.

¶ 11 We hold that an unobjected-to presentence report showing a prior conviction to which the defendant stipulated without the benefit of a Rule 17.6 colloquy conclusively precludes prejudice and a remand under *Morales.* The presentence report in this case, which the court is directed to consider when exercising its discretion in sentencing a defendant, Rule 26.4(a), contained the same prior two felony convictions in the sentencing minute entry. Gonzales never sought to introduce evidence to rebut or correct the presentence report, *see* Rule 26.7(b), nor did she object to or contest the report's summary of her criminal history. Rule 26.8(a). A defendant who fails to object to the contents of a presentence report has waived objections as to the accuracy and completeness of the report. *State v. Walden,* 126 Ariz. 333, 336, 615 P.2d 11, 14 (App.1980) (completeness); *State v. Nichols,* 24 Ariz. App. 329, 330, 538 P.2d 416, 417 (1975) (accuracy).

¶ 12 The criminal history contained in the presentence report combined with the proposed stipulation to the same two felonies serves as sufficient evidence under *Morales* to show that Gonzales was not prejudiced by the failure to conduct a colloquy. *See State v. Marquez,* 127 Ariz. 3, 6–7, 617 P.2d 787, 790–91 (App.1980) (holding that a court can rely on information from a "rap sheet" contained in an unobjected-to presentence report to find prior crimes as aggravators); *see also State v. Molina,* 211 Ariz. 130, 137–38, ¶¶ 27, 29, 118 P.3d 1094, 1101–02 (App.2005) (holding that a court can rely on both a defendant's admission that he used cocaine and on the victim's statements as to harm contained in a presentence report to support findings to aggravate sentence); *State v. Richards,* 166 Ariz. 576, 579, 804 P.2d 109, 112 (App.1990) (holding that a trial court

cannot enhance a sentence based on a presentence report showing that the defendant was on parole at the time of the crime when the defendant objected to the court doing so). *Compare State v. Hauss,* 140 Ariz. 230, 231–32, 681 P.2d 382, 383–84 (1984) (affirming sentence based on testimony of probation officer who had prepared a presentence report in connection with prior convictions and was present when the prior judgments and sentences were entered and imposed, but holding that generally documentary evidence is necessary to establish prior convictions), *with State v. Lee,* 114 Ariz. 101, 105, 559 P.2d 657, 661 (1976) (holding that a trial court cannot find a prior conviction for purposes of aggravating a sentence by taking judicial notice of a prior case in which the court had reviewed a presentence report referring to the prior conviction).

¶ 13 Despite our holding, we caution trial courts against affording such unobjected-to presentence reports dispositive effect as to prior convictions during sentencing, thereby obviating the need to conduct the required colloquy or put the state to its proof. *See Lee,* 114 Ariz. at 105, 559 P.2d at 661 ("The proper procedure to establish the prior conviction is for the state to offer in evidence a certified copy of the conviction ... and establish the defendant as the person to whom the document refers."). Rule 17.6 requires a trial court to conduct a plea-type colloquy when accepting a defendant's stipulation or admission during sentencing to a prior conviction. Even in the light of an unobjected-to presentence report, conducting the colloquy will avoid any unnecessary post-trial proceedings, including an aggrieved defendant's later assertion of ineffective assistance of counsel under Rule 32 for not challenging an erroneous presentence report.

¶ 14 Given our holding, we do not address the State's alternative argument that Gonzales is barred from contesting the sentence because Gonzales failed to explicitly assert on appeal that she would not have admitted the prior felony convictions had a colloquy been given. *Young,* 230 Ariz. at 269, ¶ 11, 282 P.3d at 1289. Nor do we address the State's argument that Gonzales's attorney's statements on remand conclusively disprove prejudice.

## CONCLUSION

¶ 15 For the reasons set forth in this opinion, we affirm Gonzales's conviction and sentence.