NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JUANITO C. ALCANTAR, III, *Appellant.*

No. 1 CA-CR 13-0038
FILED 05-29-2014

---

Appeal from the Superior Court in Maricopa County
No.  CR2012-119290-001
The Honorable Jeanne M. Garcia, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

**¶1**      Juanito C. Alcantar III ("Defendant") appeals from his conviction and sentence for one count of burglary in the third degree, a class four felony.  Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal.  Defendant was granted leave to file a supplemental brief *in propria persona*, and did not do so.

**¶2**      Our obligation in this appeal is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2014).[1]  Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL BACKGROUND[2]

**¶3**      In the middle of the day on March 21, 2012, Detective Dever was conducting surveillance near 300 South Beck in Tempe.  She was parked in an unmarked car at the 1200 block of West Third Street when she saw a minivan pull up to the address she was investigating.  As she watched, the driver knocked on the door of the target address, no one answered, and he returned to the van.  Dever then saw two Hispanic

---

[1]      Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2]      We view the evidence in the light most favorable to sustaining the conviction and resulting sentence.  *See State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

males, Defendant and an accomplice, dressed in hooded sweatshirts exit the van. Defendant appeared to put a screwdriver up his right sleeve. Dever observed as the two males walked away from the van and out of view; a few minutes later they returned for a short time and then left again.

¶4        Suspicious, Dever radioed the rest of her surveillance team with a description of the two males and their activities. One of her team members, Detective Del Rio, was driving on Third Street and saw the individuals Dever described; his interest was also sparked by the fact that as soon as he drove by the individuals, they put the hoods of their sweatshirts up. Del Rio parked his car to watch the target address. After he parked, Del Rio heard a car alarm go off to the east of his location, and then he saw the same two individuals dressed in hooded sweatshirts run past his location heading down an alley toward Dever's location. Dever was still located outside the target address when she saw the individuals run back to the van and the driver quickly drive away. The detectives followed the van, took down its license plate number, but eventually lost it in traffic.

¶5        Dever went back to the parking lot she had seen the individuals run from; she found a blue Honda with a broken passenger window and a missing stereo. She was also approached by a woman who lived in the complex who had heard the car alarm and had seen Defendant hurrying away from the parking lot as he put what appeared to be a stereo in his sweatshirt.

¶6        Later, Dever contacted the van's registered owner and spoke to the driver of the van, the owner's son. Through the driver, she eventually came into contact with Defendant. During his interrogation, Defendant initially denied any involvement; however, he eventually admitted he was with the driver of the van on March 21, 2012 and there was a third person with them but claimed they were just driving around.

¶7        The State arrested Defendant and charged him with one count of third degree burglary. He was arraigned on May 16, 2012; in accordance with Arizona Rule of Criminal Procedure 8.2, Defendant's last day for trial was October 13, 2012. On September 19, 2012, one day before the trial date, the State moved to continue the trial because its case agent had a death in the family on September 18 and would be unavailable for trial. The court granted the motion over Defendant's objection. The court found the case agent would be unavailable, the Defendant would not be unfairly prejudiced by the delay, and the interests of justice required a

continuance. The court moved the trial to October 4, 2012 and excluded 7 days setting October 22, 2012 as the new last day for trial. The trial was continued another time on the State's motion and over Defendant's objection; however, Defendant was tried on October 11-16, 2012, before the modified last day.

**¶8** Defendant went to trial and was convicted. At sentencing, Defendant stipulated that he had two prior felony convictions. The court found these two prior convictions and the fact that Defendant had an accomplice as aggravating circumstances. However, it concluded the aggravators were outweighed by mitigating factors and sentenced Defendant to a mitigated term of 7 years. The court also ordered Defendant to pay $576.98 in restitution.

## DISCUSSION

**¶9** At sentencing, the court did not conduct a Rule 17.6 colloquy before accepting defense counsel's stipulation to his two prior felonies. This is fundamental error. *State v. Gonzales*, 233 Ariz. 455, 458, ¶ 9, 314 P.3d 582, 585 (App. 2013). However, the omission "only requires resentencing if the defendant was prejudiced." *Id.*; *State v. Morales*, 215 Ariz. 59, 61, ¶ 10, 157 P.3d 479, 481 (2007). If there is sufficient evidence of the prior convictions in the record there is no need to remand for a determination of prejudice. *Gonzales*, 233 Ariz. at 458, ¶ 9, 314 P.3d at 585. Defendant did not object to the presentence report which contains the two prior convictions to which he stipulated; this "conclusively precludes prejudice and a remand under *Morales*." *Id.* at ¶¶ 11, 12 ("The criminal history contained in the presentence report combined with the proposed stipulation to the same two felonies serves as sufficient evidence under *Morales* to show that [Defendant] was not prejudiced by the failure to conduct a colloquy.").

**¶10** We have read and considered counsel's brief, carefully searched the entire record for reversible error, and found none. *Clark*, 196 Ariz. at 541, ¶ 49, 2 P.3d at 100. Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an in propria persona motion for reconsideration or petition for review.

## CONCLUSION

**¶11** For the above reasons, Defendant's conviction and sentence is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: gsh