NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CHRISTOPHER D. THOMPSON, *Appellant*.

No. 1 CA-CR 14-0393
FILED 9-22-2015

Appeal from the Superior Court in Maricopa County
No. CR 2013-444910-001
The Honorable John R. Ditsworth, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Adriana M. Zick
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Donn Kessler joined.

---

**T H U M M A**, Judge:

¶1 Christopher David Thompson appeals from his convictions and resulting sentences, claiming he did not knowingly, intelligently and voluntarily waive his right to a trial on allegations used to enhance and aggravate his sentence. Because Thompson has not shown fundamental error resulting in prejudice, his convictions and resulting sentences are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

¶2 Thompson was charged with, and convicted of, theft of means of transportation, a Class 3 felony (Count 1) and unlawful flight from a law enforcement vehicle, a Class 5 felony (Count 2), each alleged to have been committed in September 2013.[2] In pre-trial filings, the State alleged various aggravating circumstances; that the offenses were committed while Thompson was on community supervision for a prior felony conviction and that Thompson had seven historical non-dangerous felony convictions at the time of the charged offenses.

¶3 After submission of the case to the jury following a five-day trial but before the guilty verdicts were returned, defense counsel stipulated that (1) the victims of Count 1 incurred financial harm; (2) the charged offenses were committed while Thompson was on community supervision (described as "parole") for a felony conviction; and (3)

---

[1] On appeal, this court views the evidence in the light most favorable to sustaining the conviction and resolves all reasonable inferences against defendant. *State v. Karr*, 221 Ariz. 319, 320 ¶ 2, 212 P.3d 11, 12 (App. 2008).

[2] Thompson also was charged with, but found not guilty of, registration or license plate violation, a Class 2 misdemeanor (Count 3), a charge not at issue in this appeal.

Thompson had "been convicted of a felony within ten years immediately preceding the date of the offense[s]."

**¶4**　　　At sentencing, the superior court noted the parties had agreed to amend their stipulation to show that Thompson had two historical prior felony convictions and, as a result, that he would be sentenced as a category three repetitive offender. *See* Ariz. Rev. Stat. (A.R.S.) § 13-703(C) (2015).[3] The superior court sentenced Thompson to a slightly aggravated sentence of 11.75 years in prison for Count 1, and 6 years in prison for Count 2, to be served concurrently with each other and concurrent to the case for which he was on community supervision. Thompson properly was given 269 days of presentence incarceration credit.

**¶5**　　　Thompson filed a timely notice of appeal. This court has jurisdiction under the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A).

## DISCUSSION

### I.　Thompson Has Not Shown Fundamental Error Resulting In Prejudice As A Result Of The Superior Court's Failure To Conduct A Full Colloquy For His Prior Felony Convictions.

**¶6**　　　Thompson argues that he did not knowingly, intelligently and voluntarily waive his right to have a trial on the aggravators and prior convictions used to enhance and aggravate his sentences. Thompson failed to make a timely objection, meaning review on appeal is limited to fundamental error. *See* Ariz. R. Crim. P. 21.3(c); *State v. Henderson*, 210 Ariz. 561, 567 ¶ 19, 115 P.3d 601, 607 (2005). "Accordingly, [Thompson] 'bears the burden to establish that "(1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice."'" *State v. James*, 231 Ariz. 490, 493 ¶ 11, 297 P.3d 182, 185 (App. 2013) (citations omitted).

**¶7**　　　Thompson contends the superior court failed to conduct a proper colloquy before accepting his admission to the alleged priors. When a defendant's sentence is enhanced by a prior conviction, the existence of the prior conviction must be found by the court. *See State v. Lee*, 114 Ariz. 101, 105, 559 P.2d 657, 661 (1976). Although such findings can follow an evidentiary presentation, no hearing is required if the defendant admits to the prior conviction. *See State v. Hauss*, 140 Ariz. 230, 231, 681 P.2d 382, 383

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

(1984). To ensure the defendant's due process rights, the admission must be made knowingly, intelligently and voluntarily. *See Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969). This same approach applies when defense counsel stipulates to the existence of a prior for sentencing enhancement. *State v. Morales*, 215 Ariz. 59, 61 ¶ 9, 157 P.3d 479, 481 (2007).

**¶8**          The superior court is required to conduct a colloquy when accepting a defendant's stipulation or admission to a prior conviction to ensure the admission is made knowingly, intelligently and voluntarily. *See* Ariz. R. Crim. P. 17.6. Here, it is undisputed that no such colloquy occurred. Instead, at sentencing, the superior court stated "[t]he parties have agreed that the stipulation from the prior minute entry will be increased to show that the defendant has two prior felony convictions which are the first two listed in the criminal history, is that correct, [defense counsel]?" Thompson's counsel replied, "Yes, Your Honor." Although Thompson affirmed that he had prior felonies and stipulated to the aggravating factors on the record at the end of the trial, the superior court did not go through the full colloquy set forth in Rule 17.2.

**¶9**          As noted by the State, presuming that was error categorized as fundamental, the question then becomes whether Thompson has shown resulting prejudice requiring resentencing. *See State v. Morales*, 215 Ariz. 59, 61-62 ¶¶ 10-11, 157 P.3d 479, 481-82 (2007). "[P]rejudice generally must be established by showing that the defendant would not have admitted the fact of the prior conviction had the colloquy been given." *Id.* at 61-62, ¶ 11, 157 P.3d at 481-82 (citation omitted). When the record contains sufficient evidence of the prior conviction, remand for resentencing is not necessary. *See id.* at ¶ 13, 157 P.3d at 482. An unobjected-to presentence report showing a prior conviction to which the defendant stipulated without the benefit of a full colloquy conclusively precludes prejudice and remand. *State v. Gonzales*, 233 Ariz. 455, 458 ¶ 11, 314 P.3d 582, 585 (App. 2013).

**¶10**          As applied, Thompson did not object to the presentence report submitted to the superior court. The court stated "[t]he parties have agreed that the stipulation from the prior minute entry will be increased to show that the defendant has two prior felony convictions *which are the first two listed in the criminal history*, is that correct, [defense counsel]?" to which defense counsel responded, "Yes, Your Honor." (Emphasis added). By failing to object, Thompson waived any objection he had to the accuracy and completeness of the presentence report, including the prior felony convictions listed in the criminal history. *See State v. Walden*, 126 Ariz. 333, 336, 615 P.2d 11, 14 (App. 1980); *State v. Nichols*, 24 Ariz. App. 329, 330, 538 P.2d 416, 417 (1975). Moreover, the presentence report listed the same

historical felony convictions listed in the sentencing minute entry, which made Thompson a category three offender. On appeal, Thompson does not suggest that the presentence report is inaccurate, that he was not convicted of the felony convictions at issue or that the State would have been unable to prove those convictions. *See State v. Young*, 230 Ariz. 265, 269 ¶ 11, 282 P.3d 1285, 1289 (App. 2012). Accordingly, Thompson has not shown resulting prejudice regarding his historical felony convictions.

**II.      Thompson Has Not Shown Fundamental Error Resulting In Prejudice As A Result Of The Superior Court's Failure To Conduct A Full Colloquy For His Community Supervision Status And Aggravating Circumstances.**

¶11      Thompson contends the superior court failed to conduct a proper colloquy before accepting his admission of community supervision statute and aggravating circumstances. *See* A.R.S. § 13-708(C). Here, the court went through the aggravating factors.

> THE COURT: And is he willing to admit that he was on release at the time of the events in this circumstance?
>
> [DEFENSE COUNSEL]: Your Honor, he will admit that he was parole.
>
> THE COURT: That's what I am talking about.
>
> [DEFENSE COUNSEL]: Yes, sir.
>
> THE COURT: Is that correct, Mr. Thompson?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Is it also true, sir, that you have previously been convicted of a felony within ten years immediately preceding the date of the offense?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you admit that based on the testimony of the victim and stipulation from [victim's wife] that there was a significant amount of financial harm to them?

THE DEFENDANT: Yes, sir.

When the court sentenced Thompson, it explicitly noted, "I am going to give you an 11.75 year sentence which is six months more than the presumptive based on his criminal history." As discussed above, the unobjected-to presentence report shows Thompson's prior convictions and community supervision status. Thompson does not contend that he was not on community supervision. Similarly, the victim testified to significant economic harm caused by Thompson's conduct, and Thompson admitted that harm directly to the court. Thompson does not contend anything to the contrary. On this record, Thompson has not shown prejudice resulting from fundamental error, nor has he shown that a remand is necessary. *See Gonzales*, 233 Ariz. at 458 ¶ 12, 314 P.3d at 585. Accordingly, Thompson's convictions and resulting sentences are affirmed.[4]

## CONCLUSION

**¶12**　　　Because Thompson has not shown fundamental error resulting in prejudice, his convictions and resulting sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[4] To the extent Thompson suggests the stipulations and admissions constitute ineffective assistance of counsel, such a claim can only be raised in post-conviction proceedings and not on direct appeal. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415 ¶ 20, 153 P.3d 1040, 1044 (2007).