NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSEPH SCOTT VALDEZ, *Appellant*.

No. 1 CA-CR 14-0835
FILED 11-17-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-420372-001
The Honorable Virginia L. Richter, Judge Pro Tem

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Maricopa County Office of the Legal Defender, Phoenix
By Cynthia Dawn Beck
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

---

**G E M M I L L**, Judge:

¶1        Joseph Scott Valdez appeals from the sentences imposed after he was convicted of possession of dangerous drugs and possession of drug paraphernalia.  Valdez argues the trial court committed fundamental, reversible error by sentencing him as a repeat offender without a finding that he had historical prior felony convictions or an admission by Valdez that he had the requisite prior convictions.  For the following reasons, we affirm Valdez's convictions and sentences, and we modify the sentencing minute entry to replace "non-repetitive" with "repetitive" and to add a citation to Arizona Revised Statutes ("A.R.S.") section 13-703.

**FACTS AND PROCEDURAL HISTORY**

¶2        On May 6, 2013, two Phoenix Police officers stopped Valdez while he was riding his bicycle after they noticed the bicycle did not have a white front light as required by Arizona law.  Officer C.N. and his partner instructed Valdez to stop to discuss bicycle light safety precautions, and after Valdez complied, C.N. asked Valdez if he had any weapons on him. After Valdez acknowledged that he had a knife in his pocket, C.N. conducted a *Terry*[1] frisk and found the knife, as well as a capped syringe in the same pocket.   Upon determining that the syringe was drug paraphernalia, C.N. handcuffed and detained Valdez and continued to search him.  C.N. then found a plastic bag containing a clear, crushed-up, glasslike substance that appeared to be methamphetamine.  Valdez was arrested and charged with one count of possession of dangerous drugs and one count of possession of drug paraphernalia.  After a jury convicted Valdez as charged, the trial court sentenced him as a category 3 repeat offender under A.R.S. §§ 13-703(C) and (J) to presumptive, concurrent terms of 10 years for the class 4 felony offense and 3.75 years for the class 6 felony offense.

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

¶3   This court has jurisdiction over Valdez's timely appeal, pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶4   "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001).

¶5   Valdez argues that the trial court committed fundamental error by imposing enhanced sentences without proof or findings that Valdez had historical prior felony convictions and without Valdez admitting he had prior felony convictions. But the State contends the trial court did not commit reversible error because evidence of Valdez's prior convictions exists in (1) the parties' joint pretrial statement; (2) the trial court's ruling from the Rule 609 hearing allowing the State to use Valdez's four most recent convictions for impeachment purposes; (3) Valdez's testimony at trial; and (4) the presentence report.

¶6   Before trial, the parties stipulated in the joint pretrial statement that Valdez had seven prior felony convictions. The State also alleged under A.R.S. §§ 13-703 and 13-704 that Valdez had six historical prior felony convictions.[2]

¶7   Additionally, the State filed a motion requesting a Rule 609 hearing to determine whether Valdez could be impeached with his prior convictions if he decided to testify, and the trial court ruled on the admissibility of those prior convictions during the first day of trial. Valdez objected only to the State's request to present evidence of convictions older than fifteen years, and asked that the court "sanitize" the more recent convictions by excluding any description of the underlying crimes. The trial court agreed to do so and permitted the State to introduce evidence of Valdez's four most recent convictions.

---

[2] The State's allegation of historical priors alleged that Valdez had been convicted of felonies in Maricopa County: (1) on May 10, 2010, for a crime committed on February 26, 2010; (2) on May 10, 2010, for a crime committed on March 16, 2010; (3) on July 21, 2006, for a crime committed on May 24, 2005; (4) on July 21, 2006, for a crime committed on April 27, 2005; (5) on June 11, 1998, for a crime committed on April 23, 1997; and (6) on July 15, 1992, for a crime committed on August 14, 1990.

**¶8**         Valdez testified on his own behalf on the final day of trial. When questioned about his prior convictions on cross-examination, Valdez responded as follows:

> Q. Mr. Valdez, have you been convicted of a felony?
> A. Have I been convicted?
> Q. Yes.
> A. In the past?
> Q. Yes.
> A. Yes.
> Q. On May 10th of 2010, were you convicted of a felony that occurred on February 25th of 2010 in Maricopa County?
> A. Umm, I don't know. I don't know when the exact dates are and stuff like that. But I don't know. I would imagine so if you're mentioning it, but I don't know which date it was, you know.
> Q. Have you been convicted of four felonies?
> A. Possibly.

**¶9**         When sentencing Valdez, the trial court did not specifically identify which prior convictions it used to enhance Valdez's sentences, and Valdez did not stipulate or admit to any of his prior convictions at the sentencing hearing.[3]  The trial court stated it had "reviewed the presentence investigation report and recommendation as well as [Valdez's] criminal history" and the State's sentencing recommendations.  Valdez did not object to the criminal history information in the presentence report, which showed he had been convicted of the same six felonies the State sought to introduce for impeachment and sentence enhancement purposes, including the conviction from May 2010 about which the State questioned Valdez on cross-examination.[4]

---

[3]  It is better practice for the court to identify the prior convictions used for sentence enhancement in the sentencing minute entry.

[4]  The criminal history information in the presentence report includes felony convictions: (1) on May 10, 2010, for an offense committed on March 16, 2010, in Maricopa County; (2) on May 10, 2010, for an offense committed on February 26, 2010, in Maricopa County; (3) on July 21, 2006, for an offense committed on May 24, 2005, in Maricopa County; (4) on November 20, 2007, for an offense committed on April 27, 2005, in Maricopa County; (5) on June

**¶10**         Because Valdez did not object at the sentencing hearing to the enhancement of his sentences based on prior convictions, this court conducts a fundamental error review. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). To prevail under this standard of review, the defendant has the burden of establishing both that fundamental error occurred and that the error caused him prejudice. *State v. Morales*, 215 Ariz. 59, 61, ¶ 10 (2007) (citing *Henderson*, 210 Ariz. at 567, ¶ 20).

**¶11**         Trial courts may impose enhanced sentences on a defendant based on findings of historical prior convictions. *Morales*, 215 Ariz. at 61, ¶ 6. Prior convictions may be proven by the State at an evidentiary hearing or admitted by the defendant. If prior convictions are to be used for sentence enhancement without having been proven by the State or admitted by the defendant while testifying at trial, the court is required by Rule 17.6 to conduct a colloquy before accepting a defendant's stipulation or admission to a prior conviction. *See Morales*, 215 Ariz. at 61, ¶¶ 6–7, 10; *State v. Gonzales*, 233 Ariz. 455, 457, ¶ 8 (App. 2013). Failure to conduct a Rule 17.6 colloquy has been recognized as fundamental error, but a defendant is not automatically entitled to a resentencing in the absence of prejudice. *See Morales*, 215 Ariz. at 61–62, ¶¶ 10–11; *Gonzales*, 233 Ariz. at 458, ¶ 9.

**¶12**         Because a category 3 sentence enhancement requires a finding of two historical prior convictions, and Valdez only clearly admitted one felony conviction at trial, the trial court should have conducted a Rule 17.6 colloquy before treating Valdez as a category 3 repeat offender. But the absence of such a colloquy was harmless because Valdez has not established prejudice. *See Morales*, 215 Ariz. at 62, ¶ 11 (noting that defendant must show that he would not have admitted the fact of the prior conviction had the trial court conducted the proper colloquy). There are several reasons why Valdez cannot establish prejudice.

**¶13**         First, Valdez admitted one prior conviction when testifying at trial. A defendant's admission of a prior felony conviction at trial is generally a sufficient basis on which to impose an enhanced sentence if the

---

11, 1998, for an offense committed on April 23, 1997, in Maricopa County; and (6) on July 15, 1992, for an offense committed on February 7, 1991, in Maricopa County. Although we note a minor discrepancy regarding the date of conviction for the offense committed on April 27, 2005, that discrepancy is not substantive in this context.

defendant "admitted sufficient facts for the trial court to easily determine that the admitted prior felony conviction and the one set forth in the allegation of prior conviction were one and the same." *State v. Brown*, 204 Ariz. 405, 407, ¶¶ 4–5 (App. 2003). Valdez admitted sufficient facts at trial for the court to determine that the prior felony conviction from May 2010 was one of those set forth in the State's allegation of historical priors. *See Brown*, 204 Ariz. at 407, ¶ 5. Valdez's testimony therefore constitutes an admission of one prior felony conviction. *See Morales*, 215 Ariz. at 61, ¶ 7.

¶14 Second, the State documented Valdez's prior convictions prior to the Rule 609 hearing, and Valdez did not dispute the convictions at that time. Further, at the time of sentencing, he did not dispute the criminal history information in the presentence report, which shows six prior felony convictions. *See Gonzalez*, 233 Ariz. at 458, ¶ 11 (holding that an unobjected-to presentence report showing a prior conviction to which the defendant stipulated without the benefit of a Rule 17.6 colloquy conclusively precludes a finding of prejudice). Accordingly, remand is unwarranted. *See Morales*, 215 Ariz. at 62, ¶ 13 (noting that it would be pointless to remand for a hearing merely to have the defendant admit his convictions again).

¶15 Finally, Valdez does not assert on appeal that he would not have admitted the existence of his prior convictions had the trial court engaged in a complete colloquy with him, nor does he contend that he was not actually convicted of the prior felonies in question. For this additional reason, he has not met his burden of persuasion to establish that he was prejudiced by any error. *See State v. Young*, 230 Ariz. 265, 269, ¶ 11 (App. 2012) (concluding that "the defendant must, at the very least, assert on appeal that he would not have admitted the prior felony convictions had a different colloquy taken place.").

¶16 For all of these reasons, Valdez has not established the requisite prejudice to support a remand.

¶17 We note that the sentencing minute entry erroneously labels both convictions "non-repetitive." From the length of the "presumptive" terms imposed by the court, however, it is clear the trial court sentenced Valdez as a category 3 repeat offender for both convictions. The sentencing minute entry also erroneously omits a reference to A.R.S. § 13-703 as an applicable statute. Accordingly, the sentencing minute entry is hereby corrected to reflect that Valdez was sentenced as a "repetitive" offender in accordance with A.R.S. §§ 13-703(C) and (J).

## CONCLUSION

¶18        Valdez's convictions and sentences are affirmed as modified.



Ruth A. Willingham · Clerk of the Court
FILED: ama