NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

FRANK CARBAJAL MAESTAS, *Appellant.*

No. 1 CA-CR 17-0206
FILED 5-3-2018

Appeal from the Superior Court in Maricopa County
No.  CR2014-134402-001
The Honorable James R. Rummage, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

---

J O H N S E N, Judge:

¶1        Frank Carbajal Maestas timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction of misconduct involving weapons (possession of a deadly weapon by a prohibited possessor), a Class 4 felony. Maestas's counsel has searched the record on appeal and found no arguable question of law that is not frivolous.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530 (App. 1999). Maestas was given the opportunity to file a supplemental brief but did not do so.  After reviewing the entire record, we affirm Maestas's conviction and sentence.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Maestas sold a .36 caliber black-powder revolver to a pawn shop in Phoenix.[1]  Pursuant to law, the shopkeeper recorded Maestas's name and address, then reported the transaction to the Phoenix Police Department.  After a routine investigation, police discovered Maestas had been convicted of a felony and had not applied to have his rights restored. The shopkeeper picked Maestas's picture out of a photo lineup.  After police advised Maestas of his rights under *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966), he admitted he had sold the revolver to the pawn shop, been convicted of a felony, and had not petitioned the court to restore his rights.

¶3        Maestas did not appear for trial and the court found that he was absent voluntarily.  The jury heard testimony from the shopkeeper, several police officers and a fingerprint expert.  In addition, a firearms expert testified that the revolver was operable.  The jury found Maestas guilty of the single charge.  He appeared for the sentencing hearing, at

---

[1]        Upon review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Maestas.  *See State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

which the court sentenced him as a category-three offender to six years' imprisonment.

¶4        Maestas timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2018), 13-4031 (2018) and -4033(A)(1) (2018).[2]

## DISCUSSION

¶5        The record reflects Maestas received a fair trial.  He was represented by counsel at all stages of the proceedings against him and was present at all critical stages.

¶6        The court did not err in finding Maestas voluntarily absent from trial.  "The court may infer that a defendant's absence is voluntary if the defendant had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in the defendant's absence."  Ariz. R. Crim. P. 9.1.  Maestas's attorney had advised him of the trial date and time, and the court had admonished him to be present at all proceedings and warned him that if he failed to appear, "the State could go ahead with the trial without you being present."

¶7        Maestas's statements to police were properly admitted in evidence.  The court did not conduct a voluntariness hearing; however, the record did not suggest a question about the voluntariness of Maestas's statements.  *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974).

¶8        The State presented both direct and circumstantial evidence sufficient to allow the jury to convict.  The jury was properly comprised of eight members.  The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict.  On the record presented, the court was not required to instruct the jury on Maestas's knowledge or belief about the revolver's operability.  *See State v. Young*, 192 Ariz. 303, 307, ¶ 16 (App. 1998).  The jury returned a unanimous verdict, which the jury affirmed in open court.

¶9        The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed a legal

---

[2]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

sentence for the crime of which Maestas was convicted. It sentenced Maestas as a category-three offender pursuant to A.R.S. § 13-703(C) (2018) after finding he had two or more historical prior felony convictions. Maestas admitted the prior convictions before sentencing. Before his admissions, the court gave him several of the advisements required by Arizona Rule of Criminal Procedure 17.2, but did not advise him that the prior convictions he was admitting would increase his sentence. *See* A.R.S. § 13-703(C), (J); Ariz. R. Crim. P. 17.2(a)(2), 17.6; *State v. Morales*, 215 Ariz. 59, 61, ¶ 10 (2007). The omission of the advisement was not material, however, because the court also received in evidence a "pen pack" that evidenced the prior convictions. *See State v. Gonzales*, 233 Ariz. 455, 457-58, ¶¶ 8-9 (App. 2013) ("Proof of prior convictions is typically achieved through an evidentiary hearing in which the State presents a certified copy of the conviction or equivalent evidence as well as proof that the defendant is the person identified in the document.").

## CONCLUSION

**¶10** We have reviewed the entire record for an arguable issue and find none, and therefore affirm the conviction and resulting sentence. *See Leon*, 104 Ariz. at 300.

**¶11** Defense counsel's obligations pertaining to Maestas's representation in this appeal have ended. Counsel need do no more than inform Maestas of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Maestas has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Maestas has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA

4