NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DAVID REIDHEAD, *Appellant*.

No. 1 CA-CR 17-0666
FILED 9-18-2018

Appeal from the Superior Court in Maricopa County
No.  CR 2015-030395-001
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Hopkins Law Office, PC, Tucson
By Cedric Martin Hopkins
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Jon W. Thompson joined.

**B R O W N**, Judge:

¶1          David Reidhead appeals his convictions and sentences for possession of dangerous drugs (methamphetamine) and possession of narcotic drugs (heroin).  Reidhead's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising that after searching the record on appeal, he found no meritorious grounds for reversal.  Reidhead was given the opportunity to file a supplemental brief but did not do so.

¶2          Our obligation is to review the entire record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Reidhead.  *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶3          In February 2015, Officers Freyberger and Molenkamp initiated a traffic stop of a two-door-passenger car.  Instead of pulling the patrol vehicle behind the car, Freyberger placed the patrol vehicle in a position so that both vehicles were facing each other. Once stopped, the driver, a female passenger, and Reidhead quickly exited the vehicle.

¶4          Officer Freyberger approached the passengers and asked for identification while Officer Molenkamp approached the driver.  Reidhead could not provide identification; however, he gave his name and date of birth to the officer.  When Freyberger returned to his patrol vehicle to run a records check, Reidhead was instructed to sit in the passenger seat of the car, and the female was instructed to stand at the rear of the car.

¶5          While sitting in the driver's seat of the patrol vehicle facing Reidhead and the female, Officer Freyberger observed Reidhead move at least one foot and his upper body towards the outside of the car.  Reidhead began making movements with his upper body that Freyberger found consistent with moving an item with his hands or dropping it.  Freyberger admitted he could not see Reidhead's hands, but observed him making

"furtive" movements with his upper body. A few seconds later, Reidhead moved his body back inside the car, facing towards the windshield again. Freyberger then saw the female look in his direction, approach the passenger door of the car, and make a "kicking" or "sweeping" movement towards the ground or the car. Freyberger observed that there was nothing in the female's hands.

¶6            Officer Freyberger immediately exited the patrol vehicle, asked Reidhead to exit the car, and detained both passengers. He returned to the car and found two clear plastic baggies that were tied together located underneath the car near the passenger door. Before Freyberger had the chance to show or question Reidhead about the baggies, without prompting, Reidhead said, "that is not ours."

¶7            Officer Freyberger conducted field testing on the contents of the baggies and identified the substances as methamphetamine and heroin. Freyberger impounded the drugs and Reidhead was arrested. Testing by a forensic scientist confirmed that one bag contained "2.22 grams of methamphetamine in a useable condition" and the other contained "668.9 milligrams of heroin in a useable condition."

¶8            A jury found Reidhead guilty of possession of dangerous drugs (methamphetamine) and possession of narcotic drugs (heroin). At the sentencing hearing, Reidhead stipulated to one prior felony conviction. The superior court sentenced Reidhead to concurrent, presumptive terms of 4.5 years for each count, to run concurrently with sentencing in a separate matter. Reidhead was awarded 402 days of presentence incarceration credit and this timely appeal followed.

¶9            After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Reidhead was present and represented by counsel at all critical stages of the proceedings against him. The evidence presented supports the conviction, and the sentence imposed falls within the range permitted by law.[1]  As far as the record reveals, except as noted below, these proceedings were conducted in

---

[1]            Reidhead was awarded 402 days of presentence incarceration credit rather than the 401 days he was entitled. However, lenient sentences cannot be corrected absent a challenge by the State. *State v. Dawson*, 164 Ariz. 278, 286 (1990) ("In the absence of a timely appeal or cross-appeal by the state seeking to correct an illegally lenient sentence, an appellate court has no subject matter jurisdiction to consider that issue.").

compliance with Reidhead's constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶10** The superior court erred by failing to engage in a complete colloquy with Reidhead at the sentencing hearing when he stipulated to the prior conviction. Ariz. R. Crim. P. 17.6. Because Reidhead failed to object, however, we review the issue only for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). Under that standard of review, "the defendant bears the burden of persuasion to show both that the error was fundamental and that it caused him prejudice." *State v. Morales*, 215 Ariz. 59, 61, ¶ 10 (2007). Although failure to provide a proper colloquy constitutes fundamental error, Reidhead cannot establish prejudice because he did not object to the presentence report, which included the prior conviction he stipulated to at sentencing. *See State v. Gonzales*, 233 Ariz. 455, 458, ¶ 11 (App. 2013) ("[A]n unobjected-to presentence report showing a prior conviction to which the defendant stipulated without the benefit of a Rule 17.6 colloquy conclusively precludes prejudice and a remand under *Morales*.").

**¶11** We therefore affirm Reidhead's convictions and the resulting sentences. Defense counsel's obligations pertaining to Reidhead's representation in this appeal have ended. *See State v. Shattuck*, 140 Ariz. 582, 584 (1984). Counsel need do no more than inform Reidhead of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *Id.* at 584-85. Reidhead has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.

