NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

KIM RENE ROESCHEN, *Appellant*.

No. 1 CA-CR 20-0288
FILED 4-13-2021

Appeal from the Superior Court in Maricopa County
No. CR2017-148265-001
The Honorable Timothy J. Ryan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

The Stavris Law Firm PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Jennifer B. Campbell joined.

**M O R S E**, Judge:

¶1 Kim Rene Roeschen appeals her convictions and sentences for attempted theft of means of transportation and third-degree burglary. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2 In October 2017, Roeschen broke into M.M.'s car and set off the car's alarm.[1] Roeschen pulled off the steering panel, searched the center console, took M.M.'s vehicle registration card, and placed it in her purse. Roeschen then left the vehicle and police officers apprehended her at a nearby bus stop.

¶3 The State charged Roeschen with one count of attempted theft of means of transportation and one count of third-degree burglary. The State also charged Roeschen with one count of forgery in an unrelated case ("forgery case"). In both cases, the State alleged that Roeschen had at least six prior felony convictions, exposing her to the category three repetitive offender sentencing range. *See* A.R.S. § 13-703(C), (J).

¶4 Before trial, Roeschen rejected the State's global plea offer in both cases. In a detailed plea advisement, the State informed Roeschen of her sentencing exposure. *See State v. Donald*, 198 Ariz. 406, 413, ¶ 14 (App. 2000). Roeschen did not challenge the State's recitation of her criminal history and avowed that she understood the State's plea offer.

¶5 At trial, M.M. testified that she left work, walked to her car in the employee parking lot, and saw her vehicle's lights flashing and the driver-side door open. M.M. also saw someone inside of her car and notified a security guard. M.M. confirmed that she did not know Roeschen and did not give her permission to enter the vehicle.

---

[1] We use initials to protect the victim's privacy. *See* Ariz. R. Sup. Ct. 111(i); *State v. Maldonado*, 206 Ariz. 339, 341, ¶ 2 n.1 (App. 2003).

¶6 The security guard testified that he saw Roeschen rummaging around inside M.M.'s car. When the guard confronted her, Roeschen told the guard that it was her car. At this point, the guard and M.M. contacted the police. Roeschen briefly paced behind the car before leaving the parking lot on foot. The guard saw Roeschen leave a key near the driver's seat.

¶7 Police officers located Roeschen at a nearby bus stop. Without provocation, Roeschen told the officers, "that was my car." Officers transported Roeschen back to the parking lot, where M.M. and the security guard identified her as the perpetrator. Roeschen continued to claim that she recently purchased the vehicle and happened upon it in the parking lot. Roeschen admitted she removed the steering panel to deactivate the alarm. Though Roeschen said she could not be sure, she admitted to leaving a key inside M.M.'s car. Roeschen claimed that she thought she "had paid for [the] car" but acknowledged she did not have title to the car.

¶8 Officers testified that they located Roeschen's key in M.M.'s vehicle and recognized it as a "jiggle key," commonly used in vehicle theft to attempt to unlock and operate any vehicle. The officers also testified about the damage to M.M.'s steering panel, and said it was consistent with a thief attempting to deactivate the alarm or start the vehicle. In a search incident to arrest, officers found over twenty "jiggle keys," a "lock pick set," and M.M.'s vehicle registration card in Roeschen's purse.

¶9 Roeschen moved for a judgment of acquittal under Arizona Rule of Criminal Procedure ("Rule") 20. The superior court denied the motion. Roeschen did not testify at trial. The jury convicted Roeschen as charged and found aggravating factors applied.

¶10 Roeschen subsequently entered a plea agreement in her forgery case. As a term of the plea agreement, Roeschen admitted having at least two historical prior felony convictions. At the change-of-plea hearing, Roeschen avowed that she voluntarily and intelligently accepted the terms of the plea agreement.

¶11 The parties received a presentence investigation report detailing Roeschen's prior felony convictions. Acknowledging her criminal history, Roeschen requested the superior court impose the minimum terms permitted under the category three repetitive offender sentencing range. *See* A.R.S. § 13-703(C), (J). The court found the State properly accounted for Roeschen's prior felony convictions and sentenced her to minimum, concurrent terms of eight years' imprisonment.

¶12　　　　We have jurisdiction over Roeschen's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### A. Sufficiency of the Evidence.

¶13　　　　Roeschen claims the State failed to present sufficient evidence to support her convictions, arguing the superior court erred by denying her motion for a judgment of acquittal. We review the sufficiency of the evidence de novo, considering all facts and resolving all evidentiary conflicts in the light most favorable to sustaining the convictions. *See State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011).

¶14　　　　We will reverse a conviction for insufficient evidence only if no "substantial evidence exists to support the jury verdict." *State v. Stroud*, 209 Ariz. 410, 411, ¶ 6 (2005). Substantial evidence is "such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *West*, 226 Ariz. at 562, ¶ 16 (citation omitted). The critical inquiry is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This inquiry does not permit the reviewing court to reweigh conflicting evidence or assess witness credibility. *See State v. Buccheri-Bianca*, 233 Ariz. 324, 334, ¶ 38 (App. 2013).

¶15　　　　To secure a conviction for attempted theft of means of transportation, the State was required to prove Roeschen engaged in intentional conduct designed to control M.M.'s vehicle, knowing or having reason to know that the vehicle was stolen. *See* A.R.S. §§ 13-1001(A)(1)-(2), -1814(A)(5). To secure a conviction for third-degree burglary, the State was required to prove Roeschen entered M.M.'s vehicle with the intent to commit any theft or felony in that vehicle. *See* A.R.S. § 13-1501(10), (12), -1506(A)(1).

¶16　　　　The State presented substantial evidence that Roeschen: (1) entered a vehicle using a "jiggle key" without the owner's permission; (2) removed the steering panel to deactivate the alarm; (3) placed the owner's vehicle registration card in her purse; (4) left the vehicle only when confronted by witnesses; (5) provided unsatisfactory explanations for her conduct; and (6) possessed various items consistent with vehicle theft. Based on these facts, the jury could have inferred Roeschen's intent to commit the charged offenses. *See* A.R.S. § 13-2305(1); *see also* A.R.S. § 13-

1814(B) (adopting permissible inference from § 13-2305(1)); *State v. Noriega*, 187 Ariz. 282, 286 (App. 1996) ("[T]he defendant's mental state will rarely be provable by direct evidence and the jury will usually have to infer it from his behaviors and other circumstances surrounding the event.").

**¶17** Viewed in the light most favorable to sustaining the convictions, the evidence was sufficient for a rational jury to conclude that Roeschen committed attempted theft of means of transportation and third-degree burglary. The superior court properly denied Roeschen's Rule 20 motion.

**B. Admission of Prior Felony Convictions.**

**¶18** Roeschen argues the superior court erred in failing to conduct a Rule 17.6 colloquy when it accepted her admission of two prior felony convictions. Roeschen raises this issue for the first time on appeal. We review only for fundamental, prejudicial error. *See State v. Escalante*, 245 Ariz. 135, 138, 142, ¶¶ 1, 21 (2018).

**¶19** Under Rule 17.6, the superior court may "accept the defendant's admission to an allegation of a prior conviction only under the procedures of this rule." In the absence of an admission at trial, the court must inform the defendant of the right to a trial on prior felony convictions and the consequences of waiving that right. *See* Ariz. R. Crim. P. 17.2(a). Before accepting an admission, the court must address the defendant on the record to confirm that she "wishes to forego the constitutional rights of which the defendant has been advised" and her admission is "voluntary and not the result of force, threats or promises." Ariz. R. Crim. P. 17.3(a). This colloquy "serves to ensure that a defendant voluntarily and intelligently waives the right to a trial on the issue of the prior conviction." *State v. Morales*, 215 Ariz. 59, 62, ¶ 11 (2007).

**¶20** Although the superior court provided a colloquy for the plea agreement in the forgery case, the court failed to conduct a separate Rule 17.6 colloquy before accepting Roeschen's admission of prior felony convictions.[2] *See* Ariz. R. Crim. P. 17.6. The court's failure to provide the required colloquy constitutes fundamental error "because a defendant's waiver of constitutional rights must be voluntary and intelligent." *Morales*, 215 Ariz. at 61, ¶ 10. To prevail on this issue, however, Roeschen must

---

[2] The court sentenced Roeschen in both this case and the forgery case during the same proceeding.

demonstrate the error resulted in prejudice. *See Escalante*, 245 Ariz. at 142, ¶ 21.

**¶21** In order to merit relief under fundamental-error review, a defendant must demonstrate that (i) she would not have admitted her prior felony convictions had the Rule 17.6 colloquy been given, and (ii) the record does not contain conclusive proof of the convictions. *Morales*, 215 Ariz. at 62, ¶¶ 11-13. Roeschen fails under both prongs. At multiple stages, the parties advised Roeschen of the State's allegation of her prior felony convictions and the associated sentencing ramifications. Roeschen voluntarily and intelligently entered a plea agreement in which she admitted to two prior felony convictions, and she acknowledged her "lengthy criminal history" at sentencing. Roeschen has failed to demonstrate that she would not have admitted to her prior felony convictions had the superior court provided a Rule 17.6 colloquy.

**¶22** Moreover, evidence from the record conclusively proves the prior felony convictions. *See id*. at 62, ¶ 13 (stating that resentencing was unwarranted when prior conviction documents were admitted during a pretrial hearing and no one has challenged the authenticity of those documents). In addition to her admissions in the forgery case, the record contains an uncontested presentence investigation report listing Roeschen's prior felony convictions. A presentence investigation report "to which the defendant stipulated without the benefit of a Rule 17.6 colloquy conclusively precludes prejudice . . . ." *State v. Gonzales*, 233 Ariz. 455, 458, ¶ 11 (App. 2013). Roeschen never denied the existence of prior felony convictions, nor did she challenge the accuracy of the convictions detailed in the presentence investigation report. Thus, evidence from the record conclusively proves Roeschen had at least two historical prior felony convictions, precluding relief.

**¶23** The superior court's failure to conduct the required Rule 17.6 colloquy did not result in prejudice. Roeschen is not entitled to resentencing.

**CONCLUSION**

¶24      We affirm Roeschen's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:   AA