SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| STATE OF ARIZONA, | ) Arizona Supreme Court |
| | ) No. CR-06-0374-PR |
| Appellee, | ) |
| | ) Court of Appeals |
| v. | ) Division One |
| | ) No. 1 CA-CR 05-0408 |
| MAURICIO MORALES, | ) |
| | ) Maricopa County |
| Appellant. | ) Superior Court |
| | ) No. CR2004-021279-001 DT |
| | ) |
| | ) **O P I N I O N** |
| _____ | ) |

Appeal from the Superior Court in Maricopa County
The Honorable Sherry K. Stephens, Judge

**AFFIRMED**
_____

Memorandum Decision of the Court of Appeals, Division One
Filed Aug. 1, 2006

**AFFIRMED**
_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
     By   Randall M. Howe, Chief Counsel
          Criminal Appeals Section
          Diane M. Acosta, Assistant Attorney General
Attorneys for State of Arizona

JAMES J. HAAS, MARICOPA COUNTY PUBLIC DEFENDER            Phoenix
     By   Tennie B. Martin, Deputy Public Defender
Attorneys for Mauricio Morales
_____

**B A L E S**, Justice

¶1      Arizona Rule of Criminal Procedure 17.6 provides that

"[w]henever a prior conviction is charged, an admission thereto by

the defendant shall be accepted only under the procedures of this rule, unless admitted by the defendant while testifying on the stand." Rule 17 requires the judge to engage in a plea-type colloquy with the defendant to ensure that the admission is voluntary and intelligent. *See* Ariz. R. Crim. P. 17.2 –.3. We hold that Rule 17.6 also requires such a colloquy when defense counsel stipulates to the existence of a prior conviction charged for purposes of sentence enhancement.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**      A jury convicted Mauricio Morales of hindering prosecution, a class five felony. The State alleged several prior convictions, making him subject to an enhanced sentence under Arizona Revised Statutes ("A.R.S.") section 13-604(C) (2001). This statute provides that a defendant convicted of a class five felony "who has two or more historical prior felony convictions shall be sentenced to" a presumptive five-year prison term. Morales's counsel acknowledged in a presentence memorandum that Morales had three prior felony convictions.

**¶3**      At sentencing, the prosecutor said he believed Morales had "basically admitted that he does have the priors," but said that he was prepared to offer certified copies of the prior convictions, which had been submitted in prior hearings, if necessary. When the judge asked if defense counsel desired a hearing, she replied that she thought there was a stipulation on the record to the prior convictions, but she had not been able to find it. She acknowledged

2

not having previously requested a hearing on the prior convictions. The trial court did not question Morales about his admission of the prior convictions, and Morales, on the advice of his attorney, said nothing at the hearing. The trial court sentenced Morales to the presumptive five-year prison term for a defendant with two or more prior historical convictions.

¶4        On appeal, Morales argued that he was sentenced as if he had stipulated to the fact of the prior convictions and waived a hearing when he had not done so. Because Morales did not object to the alleged error below, the court of appeals reviewed for fundamental error. In a split decision, the court affirmed the sentence on the grounds that Morales had failed to demonstrate prejudice. Dissenting, Judge Sult concluded that Rule 17.6 should apply in these circumstances and that a remand was necessary to determine whether Morales had been prejudiced.

¶5        We granted review because the proper application of Rule 17.6 presents an important question of state law. Our jurisdiction is based on Article 6, Section 5(3), of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## DISCUSSION

¶6        When a defendant's sentence is enhanced by a prior conviction, the existence of the conviction must be found by the court. *See State v. Lee*, 114 Ariz. 101, 105, 559 P.2d 657, 661 (1976). This is generally accomplished through a hearing in which the state

"offer[s] in evidence a certified copy of the conviction . . . and establish[es] the defendant as the person to whom the document refers." *Id.* A prior conviction may be proved by other means, however, if "the state can show that its earnest and diligent attempts to procure the necessary documentation were unsuccessful for reasons beyond its control and that the evidence introduced in its stead is highly reliable." *State v. Hauss*, 140 Ariz. 230, 231, 681 P.2d 382, 383 (1984). Our rules of criminal procedure contemplate that, whether based on certified copies or other evidence, the trial court will determine the existence of prior convictions as a factual finding after a hearing. *See id.; Lee*, 114 Ariz. at 105, 559 P.2d at 661.

¶7 The need for a hearing may be obviated, however, if the defendant admits to the prior conviction. *Hauss*, 140 Ariz. at 231, 681 P.2d at 383. Rule 17.6 declares that unless the defendant makes this admission while testifying, a plea-type colloquy is required. The issue here is whether a stipulation to the fact of a prior conviction also requires such a colloquy.

¶8 As is the case with a guilty plea, when a defendant admits to a prior conviction for purposes of sentence enhancement, he waives certain constitutional rights, including the right to a trial. Therefore, to preserve the defendant's due process rights, the admission must be made voluntarily and intelligently. *See Boykin v. Alabama*, 395 U.S. 238, 242-43 & n.5 (1969); *Wright v. Craven*, 461 F.2d 1109, 1109 (9th Cir. 1972) (holding that an admission to a prior

4

conviction that will enhance a defendant's sentence is the functional equivalent of a guilty plea, and "may not be accepted unless the defendant understands the consequences of the admission"). Rule 17.6 was written with this policy in mind; it is a prophylactic rule designed to protect a defendant's rights by ensuring that the *Boykin* directive is fulfilled when a defendant admits a prior conviction.

¶9        This same policy applies when defense counsel stipulates to the existence of a prior conviction for purposes of sentence enhancement.  In this context, the stipulation and admission are equivalent:  Both eliminate the need for formal proof of the prior conviction by the state, waive the defendant's constitutional rights, and result in an enhanced sentence.  The only real distinction is that an admission is made by the defendant, while a stipulation can be entered into by defense counsel.  This distinction is immaterial here. A defendant whose counsel concedes the fact of the prior conviction is entitled to no less protection than a defendant who makes the concession himself.  Accordingly, we hold that Rule 17.6 applies equally to an admission by a defendant and a stipulation by defense counsel to the existence of a prior conviction.

¶10        In the instant case, the trial court failed to conduct the colloquy required under Rule 17.6 and therefore committed error. Because Morales failed to object, we review solely for fundamental error.  *State v. Henderson*, 210 Ariz. 561, 567 ¶ 19, 115 P.3d 601, 607 (2005).  Under fundamental error review, the defendant bears the

burden of persuasion to show both that the error was fundamental and that it caused him prejudice. *Id.* ¶ 20. A complete failure to afford a Rule 17.6 colloquy is fundamental error because a defendant's waiver of constitutional rights must be voluntary and intelligent. *Cf. id.* at 568 ¶ 25, 115 P.3d at 608 (finding that sentencing procedure that denied defendant Fifth and Sixth Amendment rights to have certain facts found by jury beyond reasonable doubt involved fundamental error).

¶11 The absence of a Rule 17.6 colloquy, however, does not automatically entitle a defendant to a resentencing. Morales must also establish prejudice, and we have previously noted that "[t]he showing a defendant must make varies, depending upon the type of error that occurred and the facts of a particular case." *Id.* ¶ 26. The colloquy serves to ensure that a defendant voluntarily and intelligently waives the right to a trial on the issue of the prior conviction. Given this purpose, we conclude that prejudice generally must be established by showing that the defendant would not have admitted the fact of the prior conviction had the colloquy been given. *Cf. United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (adopting similar standard for defendant to obtain reversal of guilty plea for failure to afford plea colloquy required by federal rules).

¶12 We reject the State's suggestion that a defendant should also be required to show the absence of the prior conviction in order to establish fundamental error. Such a requirement would undermine

6

the prophylactic purpose of Rule 17.6 by implying that a failure to give the colloquy would be without consequence, and the state would be relieved of its burden of proving the prior conviction, in all but the rare case in which the defendant could show no prior conviction exists.

¶13    If a defendant shows that he would not have admitted the prior conviction but for the Rule 17.6 error, the result in most cases will be a resentencing hearing at which the state will be put to its burden of proving the prior conviction.  Morales, nonetheless, is not entitled to resentencing in this case.  Even if we assume that he could establish that he would not have admitted his prior convictions if he had been given a Rule 17.6 colloquy, there is no need for a further evidentiary hearing.  Copies of Morales's prior convictions were admitted at a December 20, 2004, pretrial hearing. Neither party challenges the authenticity of these copies, and thus evidence conclusively proving his prior convictions is already in the record.  In these circumstances, there would be no point in remanding for a hearing merely to again admit the conviction records.

¶14    For the foregoing reasons, we affirm the sentence.


_____
W. Scott Bales, Justice

CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice