NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ROY MATTHEW SOVINE, *Appellant*.

No. 1 CA-CR 14-0094
FILED 10-07-2014

Appeal from the Superior Court in Yavapai County
No. V1300CR201180462
The Honorable Jennifer B. Campbell, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Andrew Reilly
*Counsel for Appellee*

Nicole T. Farnum, Attorney at Law, Phoenix
By Nicole T. Farnum
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

**T H O M P S O N**, Judge:

¶1        Roy Matthew Sovine, appeals from his convictions and sentences on one count of second degree burglary, a Class 3 felony; one count of taking the identity of another, a Class 4 felony; one count of theft of a credit card, a Class 5 felony; and one count of theft of property of a value of $1,000 or more, a Class 1 misdemeanor.  The evidence at trial[1] established that Sovine entered the victim's home in Sedona, Arizona, while the victim was asleep, and stole the victim's television, laptop computer, and a wallet containing the victim's credit card and identification card. Sovine was eventually arrested and charged with the present offenses after he unsuccessfully attempted to use the victim's credit card and driver's license to obtain cash at a casino in Camp Verde, Arizona.

¶2        On appeal, Sovine argues that the trial court erred by enhancing his sentence based on his stipulation to his prior convictions, without first conducting a colloquy pursuant to Arizona Rule of Criminal Procedure 17.6.  He also argues that a statement made by his defense counsel during closing argument amounted to "structural error," requiring reversal of his convictions and a new trial.  This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2003), and 13-4033(A)(1), (4) (Supp. 2013).  For reasons set forth below, we affirm.

## DISCUSSION

*Prior Convictions*

¶3        Prior to trial, the state alleged that Sovine had three prior felony convictions from Yavapai County and disclosed certified copies of the judgments and sentences.  During the trial, defense counsel informed the trial court that Sovine wished to stipulate to the prior convictions and to submit the state's aggravating factors to the trial court to decide.[2] Thereafter, defense counsel and the prosecutor submitted a stipulation re:

---

[1]        We view the evidence in the light most favorable to sustaining the convictions and resolve all reasonable inferences against defendant.  *State v. Karr*, 221 Ariz. 319, 320, ¶ 2, 212 P.3d 11, 12 (App. 2008).

[2]        The trial court subsequently found that the state had proved three aggravating factors beyond a reasonable doubt:  the age of the victim (over 65), that the defendant committed the crime for pecuniary gain, and that the victim suffered financial harm.  *See* A.R.S. § 13-701 (D) (Supp. 2013).

prior convictions to the trial court in which Sovine stipulated to two prior felony convictions in Yavapai County Superior Court for aggravated assault on a law enforcement officer and resisting arrest, each committed on August 1, 2010. At sentencing, the trial court accordingly sentenced Sovine as a repetitive offender.

¶4 Sovine does not challenge the nature of his prior convictions or that he is the individual who committed them. Rather, he only argues that we must remand for resentencing because the trial court never conducted the necessary Rule 17.6 "plea-type colloquy" with him "to determine whether he was knowingly, voluntarily and intelligently waiving his right to a trial on the priors." Our review of the record convinces us that remand is not necessary.

¶5 First, we note that Sovine did not object to the trial court's acceptance of his stipulation, and thus, we need only review for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). The burden is on Sovine to show both that fundamental error exists and that the error in his case caused him prejudice. *Id*. at ¶ 20, 115 P.3d at 607. Sovine can do neither in this case.

¶6 A defendant may waive his right to a trial on his priors for sentence enhancement purposes by either admitting them or stipulating to them via his attorney. *State v. Morales*, 215 Ariz. 59, 61, ¶¶ 8-9, 157 P.3d 479, 481 (2007). When he does so, "he waives certain constitutional rights, including the right to a trial." *Id*. at ¶ 8, 157 P.3d at 481. In either instance, Rule 17.6 applies in order to protect the defendant's due process rights and ensure that his admission is voluntarily and intelligently made. *Id*. at ¶ 9, 157 P.3d at 481. Rule 17.6 requires that, before accepting a defendant's admission to a prior conviction, the trial court must advise the defendant of the nature of the allegation, the effect of admitting the prior on the defendant's sentence, and the defendant's right to proceed to a trial and require the state to prove the prior. *State v. Anderson*, 199 Ariz. 187, 194, ¶ 36, 16 P.3d 214, 221 (App. 2000). "A complete failure to afford a Rule 17.6 colloquy is fundamental error because a defendant's waiver of constitutional rights must be voluntary and intelligent." *Morales*, 215 Ariz. at 61, ¶ 10, 157 P.3d at 481.

¶7 Contrary to Sovine's argument, the record shows that *after* defense counsel informed the court that Sovine wished to admit his prior convictions, and *before* the admissions were reduced to writing and signed by the attorneys, the trial court observed the Rule 17.6 requirements and questioned Sovine to ascertain whether Sovine's decision to admit was

voluntarily and intelligently made. The trial court reminded Sovine of the prior *Donald* hearing it held with Sovine at which sentencing ranges were reviewed. The court advised Sovine that his stipulation to a prior conviction would increase the range of sentencing he faced on his offenses. Moreover, the court provided Sovine with a copy of the sentencing chart and reviewed the different effects on sentencing caused by aggravating factors and prior convictions. At the end of this discussion, Sovine reiterated his desire to "take the advice of my attorney and follow his advice." Nonetheless, the trial court took a break to provide Sovine with another opportunity to speak with his counsel about the prior convictions.

**¶8** Thereafter, the trial court asked defense counsel if he had an opportunity to review with Sovine "in greater detail" matters concerning the priors, and whether Sovine still wanted to admit to the prior convictions. Defense counsel responded that he again discussed the prior convictions with Sovine, and stated that "my client indicates that proof is not required." At that point, the trial court finally accepted Sovine's admission to his prior convictions and requested that the attorneys submit a signed stipulation to the prior convictions into the record.

**¶9** Based on this record, we find that the trial court's discussions with Sovine satisfy the requirements of Rule 17.6. Consequently, Sovine fails to prove that fundamental error occurred.[3] *Henderson*, 210 Ariz. at 567, ¶ 20, 115 P.3d at 607.

*Closing Argument/Structural Error*

**¶10** At the beginning of his closing argument, defense counsel began his comments to the jury by acknowledging that some of the evidence he had alluded to in his opening statement had not made it into evidence at trial. He stated:

---

[3] Furthermore, even if the required colloquy had not occurred, Sovine is not entitled to resentencing unless he can establish that he was prejudiced by this error. *See Morales*, 215 Ariz. at 62, ¶ 11, 157 P.3d at 482. To show prejudice on appeal, "at the very least," a defendant must assert that he would not have admitted the priors if a different colloquy had taken place. *State v. Young*, 230 Ariz. 265, 269, ¶ 11, 282 P.3d 1285, 1289 (App. 2012). Sovine does not make even this minimal assertion, and thus, resentencing is not required.

My statement to you was that you'll hear evidence about that [credit card] and that evidence has not come in. I asked you not to hold that statement against my client. If you want to hold it against me, that's fine. [The victim] has his opinion of defense lawyers and I understand that, but I would ask you to respect my role in defending *someone who sits before you today just as he did yesterday, guilty until proven otherwise and sometimes people don't like that.* Sometimes people have an impression. I don't like that guy. Don't like me. Don't hold that against my client.

(Emphasis added.)

¶11        On appeal, Sovine focuses on the statement "guilty until proven otherwise" and contends that it constitutes structural error because it signifies that his "defense lawyer abandoned him when he announced to the jury at the end of the case that [he] was guilty." *See, e. g., State v. Valverde*, 220 Ariz. 582, 584-85 n.2, ¶ 10, 208 P.3d 233, 235-36 n.2 (2009) (noting structural error occurs when there is "complete denial of criminal defense counsel") (citation omitted). He claims that counsel's error deprived him of any possibility of a fair trial and that reversal is therefore mandated.

¶12        Sovine also failed to raise this issue at trial. If no objection was made at trial and the alleged error does not rise to structural error, we review only for fundamental error. *Valverde*, 220 Ariz. at 585, ¶ 12, 208 P.3d at 236. However, if we find that structural error occurred, reversal is mandated, whether or not Sovine objected below or prejudice is found. *See id.* at ¶ 10. "If error is structural, prejudice is presumed." *Id.* (citation omitted). We find no structural error.

¶13        Contrary to Sovine's claim, his lawyer did not abandon him and he was not denied criminal defense counsel at trial. Where a defendant is represented by counsel, a denial of counsel may still occur if counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing." *See Bell v. Cone*, 535 U.S. 685, 697 (1983) (quoting *United States v. Cronic*, 466 U.S. 648, 659 (1984)). The record shows that defense counsel fully and competently represented Sovine throughout his trial. Therefore, Sovine's argument that he was denied criminal counsel is without merit.

¶14        It is obvious that defense counsel simply misspoke when he made the statement; and that, despite the actual spoken words, he did not tell the jury that Sovine was "guilty." First, taken in context, the entire gist

of defense counsel's argument was to exhort the jury that it was *not* to hold Sovine guilty simply because the jury may have formed some antipathy to something defense counsel did or said at trial. In fact, immediately following the challenged statement, defense counsel reminded the jury that the state had the obligation of proving all of the elements of each of the offenses charged beyond a reasonable doubt, and pointed out why the state's evidence failed to prove Sovine's guilt.

¶15        Second, defense counsel's allusion to Sovine as "someone who sits before you today just as he did yesterday, guilty until proven otherwise," was clearly meant to reference and mirror counsel's statements in his opening argument the day before:

> As my defendant, client, sits here today, he is not guilty of anything. He's not guilty based upon [the prosecutor's] [opening] comments. He's not guilty until the evidence is provided that in fact a crime was committed and that he committed it.

When viewed in the context of the entire trial, therefore, the jury would have construed counsel's statement for what it appears, a slip of the tongue, and not as conceding defendant's guilt.

¶16        Furthermore, the trial court instructed the jury that the statements or arguments made by counsel were not evidence and that it was to determine the facts only from "the testimony of witnesses and from the exhibits introduced in court." The trial court also clearly instructed the jury on the burden of proof, stating "Every defendant is presumed by law to be innocent. The State has the burden of proving the defendant guilty beyond a reasonable doubt." We presume that the jury followed the trial court's instructions. S*tate v. LeBlanc*, 186 Ariz. 437, 439, 924 P.2d 441, 443 (1996). Based on our review of the record, we find that Sovine has failed to prove that defense counsel's misstatement constitutes fundamental error and that he was prejudiced by it. *See Henderson*, 210 Ariz. at 567, ¶ 20, 115 P.3d at 607.

## CONCLUSION

¶17 For the foregoing reasons, we affirm Sovine's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: gsh