NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DARRELL JOHNSON, *Appellant.*

No. 1 CA-CR 14-0823
FILED 1-21-2016

Appeal from the Superior Court in Maricopa County
No.  CR2013-443716-001
The Honorable Jerry Bernstein, Judge *Pro Tempore*

**JUDGMENT AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jillian Francis
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Louise Stark
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

---

J O H N S E N, Judge:

**¶1**        Darrell Johnson appeals from the sentence imposed after he was convicted of burglary in the third degree, a Class 4 felony. For the reasons that follow, we affirm Johnson's conviction and sentence, but modify the judgment of conviction to replace "non-repetitive" with "repetitive" and to add a citation to Arizona Revised Statutes ("A.R.S.") section 13-703.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        Surveillance video showed Johnson, a barber shop manager, entering the shop after business hours and then departing with several items.[1] The State charged Johnson with one count of burglary in the third degree; it later amended the indictment to allege a prior felony conviction. A jury convicted Johnson of the burglary charge. At sentencing, Johnson admitted to an historical prior felony conviction, and the superior court sentenced him as a Category Two repetitive offender to 3.75 years' incarceration. We have jurisdiction over Johnson's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2016), 13-4031 (2016), and -4033(A)(1) (2016).[2]

### DISCUSSION

**A.     Rule 17.6 Colloquy.**

**¶3**        Johnson argues the superior court erred during sentencing when it accepted his admission to the prior conviction without explaining to him the consequences the prior felony would have on his sentencing

---

[1]     "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001).

[2]     Absent material revision after the date of an alleged offense, we cite a statute's current version.

range. Johnson contends that under *State v. Morales*, 215 Ariz. 59, 62, ¶ 13 (2007), and *State v. Osborn*, 220 Ariz. 174, 179, ¶ 13 (App. 2009), the appropriate remedy is a remand to allow the superior court to determine whether he would have admitted the prior felony if he were informed of the consequences.

**¶4**         The superior court may impose an enhanced sentence if it finds the defendant has one or more historical prior felony convictions. *Morales*, 215 Ariz. at 61, ¶ 6. Before the court accepts a defendant's admission to a prior conviction, Arizona Rule of Criminal Procedure 17.6 requires it to inform the defendant of the rights waived by admitting the conviction. *See State v. Gonzales*, 233 Ariz. 455, 457, ¶ 8 (App. 2013). We held in *Osborn* that under Rule 17.2, the court must advise a defendant of the effect the prior conviction may have on his or her sentencing range. 220 Ariz. at 434-35, ¶ 6.

**¶5**         Because Johnson did not raise this objection in the superior court, we conduct a fundamental error review. *See Morales*, 215 Ariz. at 61, ¶ 10. The failure to conduct a Rule 17.6 colloquy is fundamental error, but a defendant is entitled to a resentencing only if he or she can show prejudice. *Morales*, 215 Ariz. at 61-62, ¶¶ 10–11. Under this standard of review, Johnson must show that fundamental error occurred and that the error caused him prejudice. *See id.*

**¶6**         Johnson correctly asserts that, at the sentencing hearing, the superior court did not explain to him the consequences of admitting the historical prior felony. The State acknowledges the court did not inform Johnson of the effect the prior conviction would have on his sentencing range, but it asserts that Johnson cannot establish prejudice because he was aware of the sentencing range implicated by the prior felony.

**¶7**         The State argues Johnson filed a mitigation report that acknowledged he would be subject to sentencing as a Category Two repetitive offender based on the historical prior felony. The mitigation report Johnson filed refers to the sentencing ranges applicable to a Category Two offender and to a Category Three offender, but does not plainly acknowledge Johnson was to be sentenced under either sentencing range.

**¶8**         On the other hand, the State's sentencing memorandum, filed and served before sentencing, alleged Johnson had an historical prior felony conviction requiring him to be sentenced as a Category Two offender under A.R.S. § 13-703(B) (2016). Likewise, the Presentence Investigation stated that Johnson had a prior felony conviction "of a violent nature," committed

in 1992. In addition, the State's presentence recommendation, attached to the Presentence Investigation, asserted Johnson had one historical prior felony conviction that required him to be sentenced as a Category Two offender. At the time of sentencing, Johnson did not dispute the historical felony conviction cited in the presentence report. Because Johnson admitted to the historical prior felony conviction identified in the presentence report, remand is unwarranted. *See Gonzalez*, 233 Ariz. at 458, ¶ 11 ("We hold that an unobjected-to presentence report showing a prior conviction to which the defendant stipulated without the benefit of a Rule 17.6 colloquy conclusively precludes prejudice and a remand under *Morales*.").[3]

## B.  Juror Issue.

**¶9**         In his opening brief, Johnson argued the superior court erred by seating a juror whom he had struck using a peremptory challenge. Thereafter, pursuant to Arizona Rule of Criminal Procedure 31.8(h), respective counsel for the State and Johnson submitted a stipulated motion to correct the record on appeal, which this court accepted. Because the corrected transcript shows that the individual at issue was not seated on the jury, we need not address Johnson's argument that the jury was unlawfully constituted. *See Contempo-Tempe Mobile Home Owners Ass'n v. Steinert*, 144 Ariz. 227, 229 (App. 1985) ("A court will not decide a question which is unrelated to an actual controversy or which by a change in a condition of affairs has become moot.").

## C.  Correction of Judgment.

**¶10**         Johnson and the State both ask us to correct the judgment of conviction to reflect that the conviction is "repetitive" instead of "non repetitive." The transcript confirms that the superior court characterized Johnson's current conviction as a "non dangerous but repetitive offense." The sentencing minute entry also erroneously omits a reference to A.R.S. § 13-703 as an applicable statute. Accordingly, we modify the sentencing

---

3         We note an additional issue not raised in the briefs. The applicable amended indictment alleged a *non*-historical prior felony conviction, not an historical prior felony conviction. Although the State did not further amend the indictment to allege an historical prior felony conviction, by admitting the historical prior felony, Johnson impliedly consented to such an amendment. *See* Arizona Rule of Criminal Procedure 13.5(b).

minute entry to reflect that Johnson was sentenced as a "repetitive" offender pursuant to A.R.S. § 13-703(B) and (I). *See State v. Bowles,* 173 Ariz. 214, 216 (App. 1992) (when an appellate court can determine the superior court's intent from the record, remand for clarification is unnecessary).

## CONCLUSION

**¶11**　　　For the foregoing reasons, Johnson's conviction and sentence are affirmed as modified.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama