NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSEPH LEE FRANKLIN, *Appellant*.

No. 1 CA-CR 17-0164
FILED 3-15-2018

Appeal from the Superior Court in Maricopa County
No. CR2014-139015-001
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge James B. Morse Jr. joined.

---

**J O N E S**, Judge:

**¶1**         Joseph Franklin appeals his sentence for one count of aggravated domestic violence, arguing the trial court did not conduct the proper colloquy when Franklin stipulated to his prior convictions at sentencing.  We affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         In March 2015, a jury convicted Franklin of one count of aggravated domestic violence.  At sentencing, the trial court asked the parties whether they intended to have a trial on the prior convictions. Franklin's counsel responded that Franklin was "prepared to stipulate to the priors" and had no objection.  The State then provided the case numbers, offense dates, charges, and conviction dates for two prior felonies. Franklin was represented by counsel in both prior criminal cases.

**¶3**         The trial court sentenced Franklin as a category three repetitive offender to the presumptive term of five years' imprisonment and credited him with 258 days' pre-sentence incarceration.  Franklin timely appealed and we have jurisdiction pursuant to Arizona Revised Statutes §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

**¶4**         Franklin argues the trial court erred when it failed to conduct the colloquy required by Arizona Rule of Criminal Procedure 17.6, warning of the consequences of admitting to prior convictions.  *See* Ariz. R. Crim. P. 17.2.    Because Franklin did not object at the time, we review for fundamental error.  *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (citing *State v. Bible*, 175 Ariz. 549, 572 (1993)).

**¶5**         "A complete failure to afford a Rule 17.6 colloquy is fundamental error because a defendant's waiver of constitutional rights must be voluntary and intelligent."  *State v. Morales*, 215 Ariz. 59, 61, ¶ 10 (2007) (citing *Henderson*, 210 Ariz. at 568, ¶ 25).  However, "[t]he absence of

a Rule 17.6 colloquy . . . does not automatically entitle a defendant to a resentencing." *Id*. at 62, ¶ 11. A defendant must also establish prejudice, generally "by showing that the defendant would not have admitted the fact of the prior conviction had the colloquy been given." *Id.* (citing *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)); *see also Henderson*, 210 Ariz. at 567-68, ¶ 20 (holding that, to prevail on fundamental error, "a defendant must establish both that the fundamental error exists and that the error in his case caused him prejudice") (collecting cases).

¶6        Here, Franklin does not allege, let alone prove, he would not have admitted to his prior convictions had the colloquy been given. Indeed, Franklin fails to identify any prejudice from the absence of a Rule 17.6 colloquy. Absent such a showing, we find no fundamental error.

## CONCLUSION

¶7        We affirm.