NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSHUA B. SCHOCH, *Appellant*.

No. 1 CA-CR 19-0028
FILED 5-25-2021

Appeal from the Superior Court in Maricopa County
No.  CR2018-119196-001
The Honorable Julie Ann Mata, Judge

**AFFIRMED IN PART; REMANDED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Michael J. Brown and Judge D. Steven Williams joined.

---

**S W A N N**, Chief Judge:

¶1　　　　Joshua B. Schoch appeals his sentences in this criminal case. We remand for an evidentiary hearing on whether Schoch was prejudiced by the superior court's failure to conduct an appropriate colloquy before accepting his counsel's stipulation to prior convictions.　We otherwise affirm.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　A jury convicted Schoch of resisting arrest and attempted burglary.　The jury found one aggravator with respect to each offense, and defense counsel further stipulated that Schoch committed the offenses while on probation and had six prior felony convictions.　The superior court accepted counsel's stipulations without addressing Schoch, though Schoch did later state that he was guilty of drug-related priors.　The court deemed Schoch a category three repetitive offender under A.R.S. § 13-703 and, after considering his criminal history and probation status as aggravating circumstances and balancing mitigating circumstances, imposed presumptive concurrent sentences.　The court also automatically revoked Schoch's probation and sentenced him to a consecutive presumptive prison term.　Schoch appeals.

## DISCUSSION

¶3　　　　Schoch's sole argument on appeal is that the superior court erred by not conducting a colloquy with him before accepting his counsel's stipulations regarding his prior convictions and probation status.　Because Schoch failed to object in the trial proceedings, we review for fundamental error.　*State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005).　It is well-established that the court must conduct a plea-type colloquy with the defendant before accepting his counsel's stipulation to prior convictions, and that the absence of such a colloquy constitutes fundamental error.　Ariz. R. Crim. P. 17.6; *State v. Morales*, 215 Ariz. 59, 61–62, ¶¶ 8–10 (2007).　The state concedes, and we agree, that the superior court fundamentally erred

by accepting defense counsel's stipulation to the prior convictions without first conducting any colloquy.

**¶4** The parties dispute, however, whether the error prejudiced Schoch. "[P]rejudice generally must be established by showing that the defendant would not have admitted the fact of the prior conviction had the colloquy been given." *Morales*, 215 Ariz. at 62, ¶ 11. Where the record is insufficient to prove the prior convictions or otherwise disprove prejudice, we typically remand for a hearing to permit the defendant to demonstrate prejudice. *State v. Carter*, 216 Ariz. 286, 290–91, ¶¶ 20–23 (App. 2007). That is the case here. The record contains no indication that Schoch would have agreed to the stipulation after being informed of his constitutional rights and the consequences of their waiver. Nor does the record contain adequate evidence to make a remand unnecessary. The record contains no certified copies of the prior convictions. And though "an unobjected-to-presentence report showing a prior conviction to which the defendant stipulated without the benefit of a Rule 17.6 colloquy conclusively precludes prejudice and a remand," *State v. Gonzales*, 233 Ariz. 455, 458, ¶ 11 (App. 2013), the unchallenged presentence report in this case (styled as a "Probation Violation Report") referenced only one of the six convictions at issue. Accordingly, we remand for an evidentiary hearing on prejudice. If Schoch establishes prejudice at the hearing, the superior court must vacate his sentences and resentence him, "although 'the State is entitled to the opportunity of proving the prior felony conviction[s].'" *Id.* at ¶ 9 (citation omitted).

**¶5** We affirm the court's acceptance of the stipulation regarding Schoch's probation status. Regardless of whether a colloquy was required with respect to that stipulation, the unchallenged Probation Violation Report established that Schoch was on probation at the relevant time. Any error therefore was not prejudicial. *See id.* at ¶ 11.

**CONCLUSION**

**¶6** We remand for an evidentiary hearing on whether Schoch was prejudiced by the superior court's failure to engage him in an appropriate colloquy before accepting his counsel's stipulation to prior felony convictions, and, if appropriate, for resentencing. We otherwise affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA