NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

ALEX VILLAGOMEZ, *Appellant*.

No. 1 CA-CR 20-0544
FILED 1-25-2022

---

Appeal from the Superior Court in Maricopa County
No. CR2016-159793-001
The Honorable Scott Sebastian Minder, Judge
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Tucson
By Jacob R. Lines
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Robert W. Doyle
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Vice Chief Judge David B. Gass and Judge Angela K. Paton joined.

---

**M c M U R D I E**, Judge:

**¶1**          Alex Villagomez appeals from his convictions and sentences for aggravated assault and criminal damage, domestic-violence crimes. He argues that the superior court abused its discretion by admitting hearsay testimony and committed fundamental error by failing to follow the requirements of Arizona Rule of Criminal Procedure 17 when accepting the stipulation to his prior convictions. We find no reversible error and affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**          In 2016, Villagomez's ex-girlfriend, Kourtney,[2] was in her car in a parking lot when she saw Villagomez. She tried to drive away, but he followed her. Villagomez rammed his vehicle into Kourtney's car three times. She escaped, and a nearby police officer approached her. Kourtney was visibly upset and screamed that Villagomez was trying to run her off the road and kill her.

**¶3**          At a jury trial, various witnesses testified, including the police officer who approached Kourtney at the scene. The officer testified about Kourtney's excited utterances. Later, another officer who did not hear Kourtney's statements testified about what the first officer told her Kourtney said. The court admitted this testimony over Villagomez's hearsay objection because the first officer had testified about the statements, and the statements were proffered to show the effect on the listener. After the trial, the jury found Villagomez guilty as charged.

**¶4**          The court advised Villagomez before the trial that, should he be convicted, he would have to appear at a sentencing. If he chose not to

---

[1]      We view the facts in the light most favorable to sustaining the judgment. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

[2]      To protect the identity of the victim, we refer to her by a pseudonym.

appear and his absence prevented the court from sentencing him within 90 days from the conviction, he would lose his right to appeal. Villagomez failed to appear for the last two days of the trial and remained absent until he was arrested more than two years later. As a result, the court sentenced Villagomez over two and a half years after his conviction.

¶5        At the sentencing, Villagomez stated that he would stipulate to his prior convictions. The court conducted a colloquy with Villagomez to ensure that he knew he had the right to require the State to prove his priors and that he was voluntarily waiving that right. The court asked Villagomez whether he had consumed any drugs, alcohol, or medication in the past 24 hours, discussed his rights with his attorney, and if his attorney had answered all his questions about his rights. The court asked whether he understood his rights and was willing to waive those rights and admit to his prior convictions. Villagomez gave satisfactory answers, and the court found that he had knowingly, intelligently, and voluntarily waived his right to have the State prove the prior convictions. The court found four prior historical convictions based on the State's allegations. The court, therefore, sentenced Villagomez as a category three repetitive offender to a presumptive term of 11.25 years for aggravated assault and one day for criminal damage.

¶6        Villagomez appealed. The State moved to dismiss this appeal for lack of subject matter jurisdiction, arguing that Villagomez lost his right to appeal his conviction by preventing the court from sentencing him within 90 days after conviction.

## DISCUSSION

### A.     This Court Has Jurisdiction Over the Appeal.

¶7        It is uncontested that we have jurisdiction over Villagomez's appeal from the sentence, but the State argues that we do not have subject matter jurisdiction over Villagomez's appeal from the convictions.

¶8        Under A.R.S. § 13-4033(C), a defendant may not appeal from a final judgment of conviction "if the defendant's absence prevents sentencing from occurring within ninety days after conviction and the defendant fails to prove by clear and convincing evidence at the time of sentencing that the absence was involuntary." But because the right to appeal is constitutional, a defendant only waives his right to appeal under the statute if his "voluntary delay of sentencing can be regarded as knowing, voluntary, and intelligent." *State v. Bolding*, 227 Ariz. 82, 88, ¶ 20 (App. 2011). Such an inference can be drawn only if a defendant has been

informed he could forfeit the right to appeal if he voluntarily delays the sentencing for more than ninety days and the superior court determines the voluntariness at the time of sentencing. *State v. Raffaele*, 249 Ariz. 474, 479, ¶ 15 (App. 2020).

**¶9**　　The State argues that *Raffaele*'s requirement that the State raise the waiver issue at sentencing is an "inconsistent misinterpretation of *Bolding*" and asks us to hold that *Raffaele* was wrongly decided. We recognize that the State has raised the same issue and argument in a special action petition before the Arizona Supreme Court in *State v. Hons. Espinosa/Eckerstrom et al.*, No. CV-21-0148-SA (filed June 3, 2021). But, as discussed below, Villagomez has not raised a reversible issue here. We thus do not address the State's argument and will proceed with jurisdiction to address the merits of this appeal under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

**B.　　The Superior Court Did Not Commit Reversible Error by Admitting Hearsay Testimony.**

**¶10**　　Hearsay is an out-of-court statement offered to prove the truth of the matter asserted, and it is generally not admissible. Ariz. R. Evid. 801, 802. But a statement is not hearsay if offered to show the effect on a listener whose conduct is at issue. *State v. Hernandez*, 170 Ariz. 301, 306 (App. 1991); *State v. Rivers*, 190 Ariz. 56, 60 (App. 1997) (testimony allowed when the listener's conduct "had been placed directly in issue"). We review the superior court's application of the hearsay rules for an abuse of discretion. *State v. Forde*, 233 Ariz. 543, 564, ¶ 77 (2014). Hearsay rule violations are subject to harmless-error analysis. *State v. Bocharski*, 218 Ariz. 476, 486, ¶ 38 (2008).

**¶11**　　Villagomez contends the superior court abused its discretion when it allowed a police officer to testify about Kourtney's statements even though that officer did not hear Kourtney make the statements and only knew about them because another officer told her. The court admitted the testimony over Villagomez's objection because it was offered to show the effect on the listening officer. Villagomez correctly argues that the court erred by accepting this basis because the listening officer's conduct was uncontested at trial and thus not at issue. But the State contends "even assuming that the challenged testimony was hearsay, it was cumulative," and thus the error is harmless.

**¶12**　　In a criminal case, erroneously admitted evidence is harmless if "the reviewing court is satisfied beyond a reasonable doubt that the error

did not impact the verdict." *Bocharski*, 218 Ariz. at 486, ¶ 38 (quoting *State v. Bass*, 198 Ariz. 571, 580, ¶ 39 (2000)).

**¶13**　　　　The inadmissible hearsay evidence was cumulative and did not impact the verdict. Besides the inadmissible testimony, the State presented the officer's testimony who was at the scene and heard Kourtney scream that Villagomez was trying to run her off the road and kill her. Another witness also testified about the same statements. And these statements were correctly admitted as excited utterances. Because the inadmissible statement was otherwise established by correctly admitted testimony, we are satisfied it did not impact the verdict, and the error was harmless. *See also Bass*, 198 Ariz. at 581, ¶ 40 ("Evidence is cumulative, and therefore error is cured only where the tainted evidence supports a fact otherwise established by existing evidence.").

## C.　　**Villagomez Fails to Allege or Prove Any Prejudice from the Superior Court's Rule 17 Colloquy.**

**¶14**　　　　Arizona Rule of Criminal Procedure 17.6 requires a court to follow the procedures of Rule 17 when accepting a defendant's admission to a prior-conviction allegation. The court must advise the defendant of his rights, including the right to be represented by counsel. Ariz. R. Crim. P. 17.2(a)(3). The court must also advise the defendant of the consequences of admitting to the priors, including the range of possible sentences. Ariz. R. Crim. P. 17.2(a)(2). And the court must ask whether the defendant's admission is being made voluntarily. Ariz. R. Crim. P. 17.1(b), 17.3(a)(2).

**¶15**　　　　Villagomez contends he is entitled to resentencing because the court failed to conduct an adequate colloquy under Rule 17. But we review for fundamental error because he did not object at sentencing. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005).

**¶16**　　　　To show fundamental error, a defendant must "show both that the error was fundamental and that it caused him prejudice." *State v. Morales*, 215 Ariz. 59, 61, ¶ 10 (2007). Thus, an inadequate Rule 17 colloquy "does not automatically entitle a defendant to a resentencing" because the defendant "must also establish prejudice." *Id.* at 62, ¶ 11. A defendant generally can prove prejudice by showing that he "would not have admitted the fact of the prior conviction[s] had the colloquy been [adequately] given." *See id.* But to do so, "the defendant must, at the very least, assert on appeal that he would not have admitted the prior felony convictions had a different colloquy taken place." *State v. Young*, 230 Ariz. 265, 269, ¶ 11 (App. 2012).

5

¶17 Villagomez does not argue that he was not convicted of the felonies to which he admitted, the State could not have proven the priors, or he would not have admitted to the prior convictions had more colloquy taken place. Villagomez has not shown the prejudice required to prevail.

**CONCLUSION**

¶18 We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA